Filed 8/27/20  P. v. Courtney CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076773 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD272365, SCD276467, SCD281209) |
| LORENZO COURTNEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal arises from probation revocation proceedings involving three different cases.

In case No. SCD272365, Courtney pleaded guilty to violating Health and Safety Code section 11350, subdivision (a).

In case No. SCD276467, Courtney pleaded guilty to failing to register as a sex offender (Pen. Code,[1] § 290.018, subd. (b)).

In case No. SCD281209, Courtney pleaded guilty to another charge of failing to register as a sex offender (§ 290.018, subd. (b)).

Courtney was granted formal probation in all three cases.

Later, the probation officer filed an order to show cause with the trial court alleging Courtney violated the terms of his probation by failing to complete a residential treatment program. Following a contested hearing, the court revoked probation and then reinstated probation conditioned upon extra custody. The court authorized early release if Courtney could be placed in a residential treatment program.

Courtney filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issue for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*.

We offered Courtney the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The probation officer received a phone call from the residential treatment facility where Courtney was an in-patient. The call reported that

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

Courtney had violated his curfew and that he had tested positive for cocaine. Courtney was no longer welcome at the facility.

Courtney admitted he had smoked crack cocaine within the previous 10 days.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks this court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of the appeal: Whether the trial court improperly admitted hearsay evidence regarding Courtney's status at the rehabilitation program.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Courtney on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

3